UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br>Petitioner,<br>v.<br>JANINE WALLACE,[1]<br>Respondent. | Case No. 2:26-cv-1483-DJC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner William Stephenson, a state prisoner, brought this section 2254 action raising six claims: (1) that his equal protection rights were violated when he was compelled to testify during the state's commitment proceedings under the Sexually Violent Predator Act ("SVPA"); (2) that his extended confinement under the SVPA violates his due process rights; (3) that his extended confinement has infringed upon his constitutional right to access the court to petition for discharge; (4) that his state habeas counsel provided ineffective assistance of counsel; (5) that the state appellate court's failure to request additional briefing on the issue of retroactivity was an abuse of discretion; and (6) that the state court's reliance on California Evidence Code section 664 was an error of law and an unreasonable determination of the facts. ECF No. 1 at 8-10.

[1] Petitioner named "The People of the State of California" as the respondent in his petition. In her motion to dismiss, respondent contends that Janine Wallace is the proper respondent. I will direct that she be substituted.

Respondent has moved to dismiss the petition, arguing that the first claim is untimely and claims four, five, and six are unexhausted and do not raise a federal question. Petitioner has filed an opposition, ECF No. 14, and respondent has filed a reply, ECF No. 15. I find the arguments in the motion to dismiss persuasive and will dismiss claims one, four, five, and six for the reasons stated below. It does not appear that respondent has moved to dismiss claims two and three, however. Thus, those claims will survive any adoption of these recommendations.

Legal Standards

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

Analysis

A. Claim One

Respondent contends that petitioner's first claim, that his equal protection rights were violated when he was compelled to testify, is untimely. She notes that the Anti-Terrorism and Effective Death Penalty Act's one year statute of limitations began on February 19, 2014 and expired on February 18, 2015, because petitioner was not entitled to any tolling. ECF No. 11 at 3-4. In his opposition, petitioner acknowledges that his claim is untimely, but argues that it should still be considered because he is actually innocent. ECF No. 14 at 4-5. His petition does not carry that high bar, assuming the actual innocence exception applies to commitment proceedings under the SVPA. In his opposition, he points to findings regarding his suitability for release that, he argues, were not available at his 2009 trial. *Id.* at 6-7. But, in this context, a showing of actual innocence would require evidence that he is not a sexually violent predator. *See Kindred v. Cal. Dep't of State Hospitals-Coalinga*, No. 8:17-cv-00047-DSF-KES, 2017 U.S. Dist. LEXIS 216389, *56 (C.D. Cal. Nov. 13, 2017) ("In SVPA context, this standard would

require new, reliable evidence that the petitioner is not an SVP."). Nothing in his petition or his opposition makes the required showing and, thus, I find that the first claim is untimely.

B. Claims Four, Five, and Six

Respondent argues that petitioner's fourth, fifth, and sixth claims are both unexhausted and fail to state a cognizable federal habeas claim. I agree that these three claims fail to state any cognizable federal habeas claim and recommend dismissal on that basis.

Petitioner's fourth claim is that his state habeas counsel provided ineffective assistance. ECF No. 1 at 9. There is, however, no right to counsel when filing a collateral attack on a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987). Thus, his claim that his counsel was ineffective does not state a cognizable federal habeas claim. *See Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996) ("We and the Supreme Court have held that there is no constitutional right to effective assistance of counsel in habeas corpus cases.").

Petitioner's fifth and sixth claims argue that the state courts erred in applying state law and procedure. ECF Nos. 1 at 9-10. Such claims are non-cognizable, because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). With respect to his sixth claim, petitioner argues that it amounted to an unreasonable determination of the facts under 28 U.S.C. §2254(d)(2). ECF No. 1 at 47. Other than citing this provision, the petition fails to raise a cognizable argument that the state court's determination violated this provision. Crucially, such a violation must be premised on something more than mere incorrectness, it requires that a federal court find the state court's determination "so clearly erroneous as to leave [it] with a firm conviction that its determination was mistaken on the evidence before it." *Gunn v. Ignacio*, 263 F.3d 965, 969 (9th Cir. 2001) (internal quotation marks omitted).

Accordingly, it is ORDERED that:

1. The Clerk of Court shall substitute Janine Wallace as respondent to this action.

2. Petitioner's motion to withdraw his request for a *Rhines* stay, ECF No. 16, is GRANTED.

Further, it is RECOMMENDED that respondent's motion to dismiss, ECF No. 11, be GRANTED in part[2], and claims one, four, five, and six be DISMISSED for the reasons stated in these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

[2] The grant is partial only because the motion appears to request complete dismissal of the petition. ECF No. 11 at 12. As stated above, the motion to dismiss does not attack claims two and three, and, thus, dismissal of the entire petition is improper.